1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DERRICK CORLLEY,

Petitioner,

v.

UNNAMED RESPONDENTS,

Respondents.

Case No.:  15-cv-1361-JLS (WVG)

**ORDER DENYING MOTION TO REOPEN AND AMEND THE PETITION**

(ECF No. 7)

Presently before the Court is Petitioner's Motion to Reopen and Amend the Petition ("Am. Pet.") (ECF No. 7), Respondent's Opposition to Motion to Reopen and Amend Petition ("Opp'n") (ECF No. 11), and Petitioner's Reply to Response to Motion to Reopen and Amend Petition ("Reply") (ECF No. 13 (erroneously titled "Opposition to Respondent's Motion to Dismiss")).  Having considered the parties' arguments and the law, the Court **DENIES** Petitioner's Amendment Petition.

## BACKGROUND

Petitioner is serving 75 years plus 125 years to life following his state-court conviction for multiple counts of armed robbery.  His direct appeal concluded on December 11, 2013 when the California Supreme Court denied his petition for review.  (Notice of Lodgment of State Ct. R. by Resp'ts re Response in Opp'n to Mot. ("Lod."), ECF No. 12-2.)

On February 26, 2015 Petitioner constructively filed a petition for writ of habeas corpus in San Diego County Superior Court. (Lod., ECF No. 12-3.)  The superior court denied relief on April 24, 2015. (Lod., ECF No. 12-4.)

On June 10, 2015 Petitioner constructively filed a federal petition for writ of habeas corpus.  (ECF No. 1.)  On July 17, 2015 this Court dismissed the petition without prejudice because Petitioner failed to name a proper respondent.  (Order of July 17, 2015, ECF No. 3.)  The Court gave Petitioner until September 1, 2015 to name a proper respondent.  (*Id.* at 3.)  Petitioner did not respond to the Order until June 28, 2016; instead, on September 3, 2015 Petitioner constructively filed a petition for writ of habeas corpus in the California Court of Appeal, raising three of the four claims contained in the proposed petition. (*Compare* Lod., ECF No. 12-5, *with* Pet. for Writ of Habeas Corpus Against Unnamed Resp'ts, ECF No. 1.)  The court of appeal denied relief on October 13, 2015.  (Lod., ECF No. 12-6.)  On October 28, 2015 Petitioner notified this Court (1) of a change of address due to facility transfer; (2) that the court of appeal had denied relief; and (3) that he was appealing the decision to the California Supreme Court.  (ECF No. 4.)

On January 12, 2016, Petitioner constructively filed a petition for writ of habeas corpus in the California Supreme Court.  (Lod., ECF No. 12-7.)  On February 3, 2016 Petitioner notified the Court of his California Supreme Court filing.  (ECF No. 6.)   The California Supreme Court summarily denied relief on April 13, 2016.  (Lod., ECF No. 12-8.)

On May 26, 2016 Petitioner constructively filed a second federal petition for writ of habeas corpus under a different case number, raising three of the claims in his original petition and five additional claims.  (*See* ECF No. 7-1.)  The Court ordered the clerk to file the petition as a Motion to Reopen and Amend under the case number of the original petition.

## LEGAL STANDARD

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations during which a state prisoner may file a federal application for a

15-cv-1361-JLS (WVG)

writ of habeas corpus.  28 U.S.C. §2244(d)(1).  Although the statute begins to run once a prisoner's conviction becomes final, the one-year period does not encompass the time during which an application for state collateral review is "pending" in the state courts.  § 2224(d)(2).  This is easily calculated in most states, because habeas review there follows the progression of most civil suits—a determination by a lower court that is then reviewed by a higher court or courts.  *See Carey v. Saffold*, 536 U.S. 214, 221 (2002).  However, in California review of a lower-court determination is not technically required, and instead a prisoner may file a new "original" habeas petition in a higher Court, with the timeliness of any such filing to be determined by a "reasonableness" standard.  *Id.*

The Supreme Court has instructed that—in the absence of any clear directive from California courts—a six month delay in filing does not "fall within the scope of the federal statutory word 'pending' . . . ."  *Evans v. Chavis*, 546 U.S. 189, 201 (2006).  However, aside from this outer limit there is little instruction regarding how California's timeliness requirement interacts with the "pending" language of AEDPA.  California's reasonableness standard merely requires that petitioners file known claims "as promptly as the circumstances allow."  *Walker v. Martin*, 562 U.S. 307, 310 (2011) (citing *In re Clark*, 855 P.2d 729, 738, n.5 (Cal. 1993)).  When gauging potential timeliness issues, it is appropriate to turn to the California Supreme Court's denial of a petition to seek clarification as to whether that court found the petition untimely.  Although the California Supreme Court frequently dismisses habeas petitions with summary denials, "[a] summary denial citing [relevant timeliness case law] means that the petition is rejected as untimely."  *Walker*, 562 U.S. at 313 (2011); *Curiel v. Miller*, __ F.3d __, No. 11-56949 (9th Cir. July 25, 2016).  Contrastingly, when a summary denial does not cite relevant timeliness caselaw that is insufficient alone for a Court to conclude that the petition was brought in a "reasonable time."  *Evans v. Chavis*, 546 U.S. 189, 198 (2006).  "That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court

/ / /

/ / /

must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" *Id.*

## ANALYSIS

Respondent opposes the Amendment Motion "on the ground that the proposed petition is untimely." (Opp'n 2.) Respondent argues that the "applicable limitations period lapsed either during the 132-day gap between Corlley's first and second state petitions or between the time the state supreme court denied his final state petition and the time Corrley filed his proposed petition." (*Id.*) The Court disagrees with Respondent regarding the gap between Petitioner's first and second petitions, but ultimately agrees with Respondent that the applicable limitations period has lapsed.

As an initial matter, the Court concludes that the AEDPA statute of limitations was tolled between Petitioner's first and second state petitions. The United States Supreme Court has noted that "[s]ix months is far longer than the "short period of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court" and that "[i]t is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court . . . ." *Evans*, 546 U.S. at 201 (citation omitted). The Supreme Court has further noted that the correct assumption regarding "timely filings in California (as elsewhere)" under AEDPA's specific tolling language is "that California law in this respect d[oes] not differ significantly from the laws of other States, *i.e.*, that California's 'reasonable time' standard [does] not lead to filing delays substantially longer than those in States with determinate timeliness rules." *Id.* at 199–200.

Here, Petitioner waited 132 days between his superior-court petition rejection and his court-of-appeals petition filing. This is almost four-and-a-half months. Considering only the above-discussed Supreme Court guidelines, this Court would conclude that the nearly four-and-a-half months between Petitioner's relevant filings in this case would make Petitioner's case untimely. However, the California Court of Appeal proceeded to address the merits of the case despite the 132-day gap between Petitioner's superior-court denial

and court-of-appeal filing, (Lod., ECF No. 12-6), and the California Supreme Court's subsequent summary denial of relief did not cite any relevant case law indicating that the petition was untimely, (Lod., ECF No. 12-8). Ultimately, "AEDPA's tolling rule is designed to protect the principles of 'comity, finality, and federalism,' by promoting 'the exhaustion of state remedies while respecting the interest in the finality of state court judgments.'" *Saffold*, 536 U.S. at 222 (quoting *Duncan v. Walker*, 533 U.S. 167, 178 (2001)). Accordingly, because here neither the California Court of Appeal nor the California Supreme Court found Petitioner's filing to be untimely, neither does this Court.

However, even though Petitioner's delay in filing his second state court petition was at least inferentially reasonable under California law, his second petition to this Court was nonetheless untimely filed. In a criminal case appealed to a state's highest court, a conviction becomes final ninety days after the highest court denies review or affirms the conviction. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). In the present case, the California Supreme Court denied review on December 11, 2013; thus the judgment became final on March 11, 2014. Petitioner filed his first habeas petition in California Superior Court nearly a year later on February 26, 2015. Accordingly, the statute tolled on February 26, 2015 with thirteen days remaining for Petitioner to bring his federal petition.[1] However, Petitioner filed his second petition with this Court forty-three days after the California Supreme Court denied his state habeas petition, thus making Petitioner's second petition untimely regardless of any tolling during the three state law petitions.[2]

---

[1] Petitioner's first, dismissed habeas filing with this Court does not affect analysis. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").

[2] Petitioner's several letters to the Court updating it as to the status of his state-court review might well constitute "good faith" on his part or a general misunderstanding as to AEDPA's constraints. However, neither AEDPA nor the Supreme Court counsel any consideration of "good faith" in addressing compliance with AEDPA's statute of limitations, and the Court does not here read in such a consideration.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

Given the foregoing, even generously applying AEDPA's statutory tolling for pending state habeas review to Petitioner's case, Petitioner's second petition filed with this Court falls outside of AEDPA's one year statute of limitations.  Accordingly, Petitioner's Motion to Reopen and to Amend the Petition is **DENIED**.

 **IT IS SO ORDERED.**

Dated:  January 5, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

15-cv-1361-JLS (WVG)