UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK CORLEY,<br><br>                    Petitioner,<br><br>v.<br><br>UNNAMED RESPONDENTS,<br><br>                    Respondents. | Case No.: 15-CV-1361-JLS (WVG)<br><br>**ORDER DENYING MOTION FOR ORDER UNDER RULE 60(B)**<br><br>(ECF No. 7) |

Presently before the Court is a Motion filed by Petitioner, ("MTN," ECF No. 22). Petitioner's Motion is titled "Order for a 60(b) Motion" and the Court construes it as a Motion pursuant to Federal Rule of Civil Procedure 60(b).

**BACKGROUND**

In June 2015, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. On July 17, 2015, this Court dismissed the petition without prejudice because Petitioner failed to name a proper respondent. (ECF No. 3.) The Court stated "in order to have this case reopened, Petitioner must file a First Amended Petition, **no later than September 1, 2015**, which cures the pleading deficiency outlined in this Order." (*Id.* at

3.)[1] Nothing was filed by this date. In October 2015, Petitioner filed a notice of change of address. (ECF No. 4.)

In May 2016, Petitioner filed another petition pursuant to § 2254 in another case, 16cv1301 WHG (JLB). This petition raised three of the claims in his original petition and five additional claims. (16cv1301, ECF No. 1.) In July 2016, Judge Hayes directed the Clerk of Court to file Petitioner's second petition (in 16cv1301) as a Motion to Reopen and Amend the Petition in the present case (15cv1361). Petitioner was directed to pursue all challenges to his conviction in the present case.

While these events were occurring in that case, in February 2016, Petitioner wrote a letter to this Court notifying the Court he was exhausting additional claims in state court.[2] In June 2016, Petitioner submitted another letter explaining he intended the petition in 16cv1301 to be consolidated with the petition he had filed in the present case. (ECF No. 3.) As mentioned above, in July 2016, the Petition in 16cv1301 was filed in the present case as a Motion to Reopen and Amend the Petition. (ECF No. 7.) The Court analyzed the Petition and Motion and determined "even generously applying AEDPA's statutory tolling for pending state habeas review to Petitioner's case, Petitioner's second petition filed with this Court falls outside of AEDPA's one year statute of limitations." (ECF No. 14.) The Court denied the Motion. Petitioner then appealed and the Ninth Circuit denied him a certificate of appealability. (ECF No. 19.) Petitioner filed the present Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 provides, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or (6) any other reason that justifies

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.
[2] This letter was not electronically docketed until June 28, 2016.

relief. Fed. R. Civ. P. 60(b). Such a motion must be filed within a "reasonable time." If filed under sections (1), (2), and (3), the motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

## ANALYSIS

**I.      Rule 60(b)(1), (2), or (3)**

Petitioner brings this Motion under Rule 60(b) without specifying a specific ground. (*See* MTN 1.) To the extent he bases his Motion on subsections (1), (2), or (3), Petitioner's motion is untimely. The Court issued its order denying the Motion to Reopen or Amend the Petition on January 5, 2017 and Petitioner filed the present Motion on February 22, 2018. This is more than a year later and is thus untimely.

**II.     Rule 60(b)(6)**

Although Petitioner does not mention Rule 60(b)(6) in his Motion, the Court considers Petitioner's Motion as brought under this section, analyzing whether there is "any other reason" that justifies providing Petitioner relief from the final judgment.[3] Petitioner also does not mention that he is requesting reconsideration, but he makes arguments that he has made in prior briefing.

As a preliminary matter, a motion under this section must be filed in a "reasonable time." Petitioner has not offered a sufficient explanation for the delay in filing the Motion, especially considering he is not alleging there is any recent information or law that justifies relief. The Court finds the unexplained and unjustified thirteen-month delay to be unreasonable. *See Adams v. Hedgpeth*, No. LA CV 11-04330-CBF-FFM, 2014 WL 1795167, at *2 (C.D. Cal. Apr. 9, 2014) ("District courts have found a delay of even 14 or 15 months before seeking relief from a judgment dismissing a habeas petition was unreasonable."); *Rodriquez–Villareal v. United States*, Nos. 06-CV-223 H, 99-CF-1414 H, 2007 WL 2410058, at *3 (S.D. Cal. Aug. 2007) (finding petitioner's 14-month delay before filing a Rule 60(b)(6) motion untimely). Nevertheless, the Court will consider the merits

---

[3] There is no indication that Petitioner is requesting relief under Rule 60(b)(4) or (5).

of the Motion.

"A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). The Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting *Latshaw*, 452 F.3d at 1103).

Petitioner's Motion is lengthy, repetitive, and in some places illegible. In sum, Petitioner makes two main arguments. First, he argues he did not receive the Court's July 17, 2015 order, which dismissed his case and ordered him to file an amended petition. (MTN 4, 7.) Without providing any specific reasoning, he argues this entitles him to equitable tolling. (*Id.* at 5.) Second, he argues his prior filing was not a "Motion to Reopen the Case" but was an inquiry into why his case was closed. (*Id.* at 6.)

## I. Receipt of the Court's Order and Equitable Tolling

Petitioner argues he did not receive the Court's July 17, 2015 order. Petitioner previously made this same argument and argued this shows extraordinary circumstances beyond his control that justify equitable tolling. (ECF No. 13, at 9, 11). In this Motion, Petitioner attaches a printout of mail card which lists his incoming mail. He argues this is proof that he never received the order. (MTN 27.) The last entry on the mail card is blacked out by a marker. The date of the last entry is also blacked out, but the entry before it is dated June 23, 2015. It is possible that this blacked out entry shows that Petitioner actually did receive the July 17, 2015 order in the mail. In any event, Petitioner already made this argument, and the Court finds no basis to reconsider its prior order and no basis to grant Petitioner relief from the final judgment.

## II. Prior Motion

Petitioner argues his "letter to the Court was not a Motion to Reopen the Case" but

was an inquiry into why his case was closed. (MTN 6.) It appears Petitioner is confused by the docket. When Petitioner filed a petition in the second case in front of Judge Hayes, 16cv1301, Judge Hayes directed the clerk to file that petition as a Motion to Reopen and Amend in the present case, 15cv1361. (*See* 16cv1301, ECF No. 9.) Petitioner did write the Court a letter in this case filed July 18, 2016 where he inquired into why his case was closed. (ECF No. 10.) This letter was not deemed a Motion to Reopen the Case. Therefore, Petitioner is incorrect and has not submitted a basis for reconsideration or relief on this ground.

## CONCLUSION

In short, any motion for relief under Rule 60(b)(1), (b)(2), or (b)(3) would be time-barred, and even under the more flexible Rule 60(b)(6), the motion is unreasonably delayed. Petitioner has not shown extraordinary circumstances that prevented him from taking timely action, and the proposed motion lacks any basis for reconsideration.

**IT IS SO ORDERED.**

Dated: April 16, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge